# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

THOMAS F. DAY,

          Appellant,

     v.

DEPARTMENT OF HOMELAND
  SECURITY,

          Agency.

DOCKET NUMBERS
DC-1221-12-0528-W-2
DC-1221-15-0211-W-1

DATE: March 28, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Thomas F. Day</u>, Sterling, Virginia, pro se.

<u>Lorna J. Jerome</u> and <u>Edith Moore McGee</u>, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

**FINAL ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which denied his requests for corrective action in these joined individual right of action (IRA) appeals.  For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed by 27 days without good cause shown for the delay.  5 C.F.R. § 1201.114(e), (g).

¶2     The appellant, a Contract Specialist, filed two IRA appeals with the Board, alleging that the agency engaged in a number of personnel actions in retaliation for his whistleblower activity.  *Day v. Department of Homeland Security*, MSPB Docket No. DC-1221-15-0211-W-1, Initial Appeal File (0211 IAF), Tab 1; *Day v. Department of Homeland Security*, MSPB Docket No. DC-1221-12-0528-W-1, Initial Appeal File (0528 IAF), Tab 1.  Prior to issuing an initial decision, the administrative judge joined the appeals for adjudication.  *Day v. Department of Homeland Security*, MSPB Docket No. DC-1221-12-0528-W-2, Appeal File (0528-W-2 AF), Tab 401 at 2.  He issued an initial decision denying corrective action on September 13, 2016.  0528-W-2 AF, Tab 414, Initial Decision (ID).  In his decision, the administrative judge informed the parties that the decision would become final on October 18, 2016, unless a petition for review was filed by that date.  ID at 42.  The appellant did not file a petition for review by that date and instead submitted a pleading postmarked November 14, 2016.  *Id.*; *Day v. Department of Homeland Security*, MSPB Docket No. DC-1221-12-0528-W-2, Petition for Review (PFR) File, Tab 1.

¶3     The Office of the Clerk of the Board informed the appellant that it appeared that his petition was untimely filed and afforded him the opportunity to submit a motion to either accept the filing as timely and/or waive the time limit for good cause.  PFR File, Tab 2 at 1-2.  The appellant responded by submitting an affidavit in which he states that he did not receive the initial decision until he accessed the e-Appeal Online repository on November 7, 2016, and that he

assumed that he would have received an email stating that the initial decision had been issued. PFR File, Tab 3 at 5. He also asserts that he attempted to contact the administrative judge on the date that he discovered that the initial decision had been issued and left a voicemail for him. *Id.* at 6. The appellant challenges the validity of the certificate of service from the initial decision in MSPB Docket No. DC-1221-12-0528-W-2 because it did not list his email address. *Id.* at 6-7. Further, he appears to argue that there was no certificate of service included in the case file for MSPB Docket No. DC-1221-15-0211-W-1. *Id.* at 7. He characterizes the aforementioned issues as significant errors in the e-Appeal Online system that support a finding of good cause for his filing delay. *Id.* The appellant also has filed a pleading that he wishes the Board to consider as his substantive petition for review. PFR File, Tab 4.

¶4 A petition for review must be filed within 35 days after the issuance of the initial decision or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision. 5 C.F.R. § 1201.114(e). The Board will waive the time limit only upon a showing of good cause for the delay. 5 C.F.R. § 1201.114(f). The appellant bears the burden of proof regarding timeliness. *Smith v. Department of the Army*, 105 M.S.P.R. 433, ¶ 4 (2007).

¶5 Here, the appellant was a registered e-filer. 0528 IAF, Tab 10; *see* 0528-W-2 AF, Tab 412. Registration as an e-filer constitutes consent to accept electronic service of pleadings filed by other registered e-filers and documents issued by the Board. 5 C.F.R. § 1201.14(e). Consequently, the appellant was deemed to have received the initial decision when it was issued on September 13, 2016. *Martinez v. Broadcasting Board of Governors*, 115 M.S.P.R. 46, ¶ 6 (2010); 5 C.F.R. § 1201.14(m)(2). Accordingly, his petition for review was due 35 days after the issuance of the initial decision, or by October 18, 2016.

¶6      The appellant mailed his pleading.  The date of filing by mail is the postmark date.  5 C.F.R. § 1201.4(*l*).  His pleading was not postmarked until November 14, 2016.  PFR File, Tab 1.  Thus, his petition for review was 27 days late.

¶7      The Board may grant a waiver of a time limit for filing a petition for review, in the interest of justice, after considering all of the facts and circumstances of a particular case.  *Terrell v. U.S. Postal Service*, 114 M.S.P.R. 38, ¶ 6 (2010).  To establish good cause for the untimely filing, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case.  *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).  To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to his inability to timely file his petition.  *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶8      We find that the appellant's primary excuse that he did not receive the initial decision is not reasonable as it is contradicted by the Board's records indicating that the initial decision was emailed to his email address of record.  *See Terrell*, 114 M.S.P.R. 38, ¶ 8.  Additionally, we find that he did not act diligently because, although he admits that he discovered on November 7, 2016, that the administrative judge had issued the initial decision, he did not file a petition for review or request an extension of time to do so until November 14,

2016.[3]  PFR File, Tab 3 at 5.  We also are not persuaded by the appellant's general dissatisfaction with the Board's e-Appeal Online system.[4]

¶9      We recognize that the appellant is pro se.  However, we also find that the 27-day delay in this case is not minimal.  *See Gerdts v. Department of Labor*, 111 M.S.P.R. 412, ¶ 17 (2009) (stating that a 21-day filing delay of a petition for review is not minimal).  Accordingly, we dismiss the petition for review as untimely filed.  This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review.  The initial decision remains the final decision of the Board regarding the appellant's requests for corrective action.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should

---

[3] The appellant has submitted what appears to be a 48-second outgoing call record on November 7, 2016, from his cellular phone to the administrative judge.  PFR File, Tab 3 at 10.  We find that, regardless of the appellant's attempt to contact the administrative judge, he was still required to exercise due diligence in filing his petition for review.

[4] The appellant's assertions that the Board did not include proper certificates of service in his appeals are not supported by the record.  0211 IAF, Tab 449; 0528-W-2 AF, Tab 415.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under <u>5 U.S.C. § 2302</u>(b)(8) or other protected activities listed in <u>5 U.S.C. § 2302</u>(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.

review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:        /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.